William A. Rossbach
ROSSBACH LAW, P.C.
401 North Washington Street
P. O. Box 8988, Hellgate Station
Missoula, MT 59807-8988
Telephone: (406) 543-5156
Fax: (406) 728-8878
bill@rossbachlaw.com

| | |
|---|---|
| Richard A. Ramler | Syd McKenna |
| Jorden S. Ramler | Justin Starin |
| Ramler Law Office, P.C. | McKenna & Starin, PLLC |
| 202 West Madison Ave. | 815 E. Front Street, #4A |
| Belgrade, MT 59714 | Missoula, MT 59802 |
| Telephone: (406) 388-0150 | Telephone: (406) 327-0800 |
| Fax: (406) 388-6842 | Fax: (406) 327-8706 |
| rramler@ramlerlaw.com | syd@mslawmt.com |
| jramler@ramlerlaw.com | justin@mslawmt.com |

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| SHARON TEAGUE and RANDALL TEAGUE, Individually, and in their official capacity as Co-Personal Representatives of the ESTATE OF MARK RANDALL TEAGUE,<br><br>Plaintiffs,<br><br>v.<br><br>REMINGTON ARMS COMPANY, LLC; REMINGTON OUTDOOR COMPANY, INC.; SPORTING GOODS PROPERTIES, INC.; E.I. DU PONT DE NEMOURS & COMPANY;<br><br>DOES A to K, | CV 18-184-M-DLC<br><br><br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO COMPEL 30(b)(6) WITNESS FOR ORAL DEPOSITION** |

1

|                |
| -------------- |
| Defendants.    |

COMES NOW, the Plaintiffs' and submit the following brief in support of their motion to compel Defendants Sporting Goods Properties, Inc. (formerly known as Remington Arms Company, Inc.) ("SGPI") and DuPont de Nemours & Company ("DuPont") to produce a witness for a 30(b)(6) oral deposition properly noticed by Plaintiffs on April 24, 2020. The testimony is relevant to prove alter ego and DuPont's net worth. Defendants refuse to produce a witness for this purpose.

I.  INTRODUCTION

Plaintiffs incorporate the Declaration of Richard A. Ramler into this brief. *See* Exhibit 1. Plaintiffs alleged that SGPI and DuPont were and are the alter egos of each other and, in essence, constitute one legal entity in which SGPI operates as a division of DuPont. Dkt. 1, Complaint ¶ 13. DuPont owned 100% of the stock of the company known as Remington Arms Company, Inc. and sold the substantially all of the income-producing assets of the company, including the name Remington Arms Company, Inc. in 1993. Dkt. 29, Answer ¶ 12. DuPont changed the name of the company that was known as Remington Arms Company, Inc. to Sporting Goods Properties, Inc. ("SGPI"), as part of the asset sale. *Id.*

SGPI is the current name of the corporate entity that manufactured and sold the Remington Model 700 rifle that killed Mark Teague.  Dkt. 31, Statement of Stipulated Facts, No. 1.

Plaintiffs are also seeking punitive damages from all Defendants.  One of the factors to be considered in determining the amount of punitive damages to be awarded is a Defendant's net worth.  SGPI had a negative net worth of -$7,619,134.86 on December 31, 2019.  (Exhibit 2, SGPI Balance Sheet - Dec. 31, 2019).  Defendants have refused to provide DuPont's net worth, which is believed to be in the billions of the dollars.

Plaintiffs served Defendants with a notice of 30(b)(6) deposition of corporate representative on April 24, 2020 which was over a month in advance of the discovery deadline.  Declaration Ex.10.  Notice of 30(b)(6) Second Deposition of Corporate Representatives of Defendants.  The topics in the notice included the financial and organizational relationship between the Defendants.  SGPI and DuPont have refused to produce a witness for the 30(b)(6) deposition notice on the topics of alter ego and DuPont's net worth.

As required by L.R. 26.3(c)(2), Plaintiffs' Notice of 30(b)(6) Second Deposition of Corporate Representatives of Defendants is attached as Declaration Ex. 10.

II.   **FACTUAL BACKGROUND**

Teague's have tried to conduct discovery on the topics of alter ego and punitive damages since November, 2019. Plaintiffs First Discovery Requests to Defendants, dated November 13, 2019, included multiple discovery requests on the issue of alter ego and punitive damages. *See* Declaration ¶11; Declaration Ex. 1. Defendants responded on January 16, 2020 without producing one document responding to the requests. *See* Declaration ¶12; Declaration Ex. 2.

Following a meet and confer, in an effort to avoid filing a motion to compel, Plaintiffs served Plaintiffs' Second Discovery Requests on March 10, 2020 and Plaintiffs' Third Discovery Requests on March 13, 2020. Both discovery requests included multiple requests concerning the issue of alter ego and punitive damages. *See* Declaration ¶13, 14, 15; Declaration Ex. 3-4. Defendants responded with boilerplate objections and incomplete answers. *See* Declaration ¶17, 18; Declaration Ex. 6-7. Plaintiffs requested another meet and confer which resulted in an impasse regarding Model 700 issues, and continued discussion regarding alter ego and punitive damages. It seemed likely to Plaintiffs at that time that the only way they would be able to get the information they needed concerning alter ego and punitive damages without filing a motion to compel would be by taking a 30(b)(6) deposition on those topics.

On March 19, 2020, with the onset of Covid-19, Plaintiffs' counsel sent a letter to Defense counsel outlining anticipated discovery in this case, including a

30(b)(6) deposition on the topics of alter ego and punitive damages. *See* Declaration ¶ 16; Declaration Ex. 5, Rossbach Letter dated March 19, 2020. On April 24, 2020, Plaintiffs' served Notice of 30(b)(6) Second Deposition of Corporate Representatives of Defendants to be taken on May 27, 2020. *See* Declaration ¶ 22; Declaration Ex. 10. The 30(b)(6) notice included topics related to alter ego and punitive damages and also topics related to defects in the Model 700 rifle and Defendants' knowledge of the defects.

On May 13, 2020, Defendants objected to the 30(b)(6) notice and requested a conference to meet and confer. *See* Declaration ¶ 26; Declaration Ex. 13, Letter from Bob Carlson dated May 13, 2020. Plaintiffs responded to Defendants objections by letter dated May 18, 2020. *See* Declaration ¶ 27; Declaration Ex. 14, Rossbach Letter dated May 18, 2020. Parties conducted meet and confer conference calls on May 18 and May 22. Defendants agreed to produce Derek Watkins to represent Remington regarding the Model 700 topics. Defendants told Plaintiffs that the corporate offices were closed due to Covid-19 and that they would identify someone else at a later date to represent DuPont and Sporting Goods Properties regarding the alter ego and punitive damage topics. The parties agreed that the alter ego, punitive damage 30(b)(6) deposition would be scheduled around June 15, 2020. *See* Declaration ¶27-29.

In an effort to help further define the topics, Plaintiffs' counsel provided Defense counsel with a list of questions for the 30(b)(6) deposition. *See* Declaration ¶ 30; Declaration Ex. 15, Email and attachment dated May 26, 2020. The parties had another conference call on May 27, 2020. During that call, Defense counsel again asked Plaintiffs to provide Written Deposition Questions under Rule 31 on the alter ego and punitive damage topics. Plaintiffs understood that the parties agreed that if they would submit written questions they would have the right to conduct a follow up oral deposition. Plaintiffs would not have agreed to submit written questions if Defendants had not agreed to allow a follow up oral 30(b)(6) deposition. *See* Declaration ¶31.

Plaintiffs served Plaintiffs' Deposition by Written Questions to Defendants by email on June 1, 2020. *See* Declaration ¶ 32; Declaration Ex. 16. Both the email and Plaintiffs' Deposition by Written Questions to Defendants stated that the parties had agreed that Plaintiffs had the right to take a follow up oral deposition. *Id.* On June 2, 2020, Defense counsel sent an email stating that they understood the agreement to be as follows:

1. You will propound written questions (which you have done);
2. We are working to obtain the answers to the questions propounded and will answer to the extent the information is available:
3. After we provide you with the answers to your questions you will review and get back to us to discuss whether you want additional information and whether that information can also be provided in a written format;

4. If you still need additional information and want it in the form of an oral deposition following up on your written questions then we will discuss it at that time;
5. We did not agree in advance to an oral deposition but agreed to discuss it after the above process was undertaken;
6. We agreed that neither plaintiffs nor defendants waived any rights or objection they may have.

*See* Declaration ¶ 33; Declaration Ex. 17, Email from Carlson dated June 2, 2020.

Plaintiffs' counsel responded on June 3, 2020, as follows:

As you know, we have been discussing a 30(b)(6) depo of corporate representatives for DuPont and Sporting Goods Properties for some time. You advised us that it was difficult for you to obtain corporate representatives because their offices were closed due to Covid-19. You asked us to agree to submit written questions under Rule 31, which we agreed to do with the understanding that we could take an oral 30(b)(6) deposition to ask follow up questions if we decided to do that after receipt of your responses to the written questions. You notified me last night by email that there was a misunderstanding and that you are not agreeing to a follow up oral exam at this time. As a result, I replied to your email and explained that we would withdraw the written questions and go ahead with taking an oral 30(b)(6) exam of the corporate reps in the usual manner unless you agree that we have the right to take a follow up oral exam after receiving your written responses.

Please let me know tomorrow how you wish to proceed.

*See* Declaration ¶ 33; Declaration Ex. 17, Email from Ramler dated June 3, 2020.

Defendants served Responses to Plaintiffs' Deposition by Written Questions on June 10, 2020. *See* Declaration ¶ 34; Declaration Ex. 18.

Plaintiffs' counsel sent an email dated June 11, 2020, informing Defense counsel that they would like to proceed with an oral deposition of not more than

two hours by video conferencing and requesting proposed dates in the next two weeks. *See* Declaration ¶ 35; Declaration Ex. 19, Email from Ramler dated June 11, 2020.

Defense counsel responded stating that Defendants "did not and have not agreed to an oral deposition." *See* Declaration ¶ 36; Declaration Ex. 19, Email from Carlson dated June 11, 2020.

Plaintiffs counsel responded stating as follows:

> It is clear from my emails to you that we were withdrawing our written questions if you did not agree to a follow up oral deposition. Our agreement to submit written questions was conditioned on our right to a follow up oral exam. If you want to withdraw your written responses that is ok, but we are going to go ahead with oral 30(b)(6) depositions of representatives for Sporting Goods Properties and DuPont. Please provide me with convenient dates by June 15.

*See* Declaration Ex. 19, Email from Ramler dated June 11, 2020.

Defense counsel responded on June 12, 2020, as follows:

> After your email of June 3, Bill and I talked and, although we agreed to disagree about the issue of an oral deposition, he told me that he wanted the answers to the written questions posed in the deposition on written questions. Shortly after our call Bill sent me the following confirming text.
>
> **"Thanks for the call. As a follow up, I feel I need to be clear that my response is not to be taken as agreement with your position but rather with the need to work this out so that we can get the information as cooperatively as possible. Thanks."**

> Based on the discussions with Bill, we prepared and served the responses to the written questions. We are not going to withdraw them.
>
> As we stated we are willing to discuss supplementing the responses to the written questions if you have additional written questions. As a reminder the defendants have previously provided responses to other discovery requests that inquired about the SCPI and DuPont relationship and financial status.

*See* Declaration ¶ 36; Declaration Ex. 19, Email from Carlson dated June 12, 2020.

Plaintiffs' counsel requested a meet and confer telephone conference by letter dated June 16, 2020. *See* Declaration ¶ 37; Declaration Ex. 20, Letter from Ramler dated June 16, 2020. The parties met and conferred on June 26, 2020. Defense counsel told Plaintiffs' counsel that it was too late to file a motion to compel under the scheduling order and refused to allow an oral 30(b)(6) deposition. Defense counsel stated that they would "consider" answering a second set of written deposition questions. *See* Declaration ¶38.

In an effort to avoid filing a motion to compel, on June 29, 2020, Plaintiffs served Plaintiffs Second Deposition by Written Questions to Defendants along with an email as follows:

> As you know, during our conference call last Friday, you refused to allow an oral 30(b)(6) deposition of corporate representatives for DuPont and Sporting Goods Properties, Inc. relating to the issue of alter ego, but said that you would consider responding to a second set of written deposition questions. As you know, we strongly believe that we are entitled to take an oral 30(b)(6) on the issue of alter ego, but in an effort to avoid filing a motion to compel, we are providing

> you with the attached Plaintiffs' Second Deposition By Written Questions.
>
> Please let us know by tomorrow whether your clients will respond without objection to Plaintiffs' Second Deposition by Written Questions including the document requests. The documents are needed because we are not able to ask oral questions. We will file a motion to compel if you do not agree to respond.
>
> We are also requesting a commitment for a short response time. If you are unable to commit to a short response time, we will withdraw this discovery request and file a motion to compel. We can discuss a due date for response tomorrow if you decide to respond to this discovery.

*See* Declaration ¶ 39; Declaration Ex. 21, Email from Ramler dated June 29, 2020.

Defendants did not respond to the email. *See* Declaration ¶ 40.

### III.   ARGUMENT

Fed. R. Civ. P. 30(b)(6), allows a party to notice a corporation and describe matters for examination. Fed. R. Civ. P. 30(b)(6). The named organization must then designate one or more persons to testify on its behalf. *Id*. This case involves four named Defendants. The 30(b)(6) notice served on April 24, 2020, specifically addressed questions and topics to DuPont and SGPI, along with the other Defendants, concerning alter ego. Deposition Ex. 10. The relationship between the four named entities is important to determine which entities are responsible for the Rifle and the payment of damages in this case.

Evidence relevant to punitive damages is described in Section 27-1-221(7), MCA, as follows:

> (7)(a) Evidence regarding a defendant's financial affairs, financial condition, and net worth is not admissible in a trial to determine whether a defendant is liable for punitive damages. When the jury returns a verdict finding a defendant liable for punitive damages, the amount of punitive damages must then be determined by the jury in an immediate, separate proceeding and be submitted to the judge for review as provided in subsection (7)(c). In the separate proceeding to determine the amount of punitive damages to be awarded, the defendant's financial affairs, financial condition, and net worth must be considered.
>
> (b) When an award of punitive damages is made by the judge, the judge shall clearly state the reasons for making the award in findings of fact and conclusions of law, demonstrating consideration of each of the following matters:
>> (i) the nature and reprehensibility of the defendant's wrongdoing;
>> (ii) the extent of the defendant's wrongdoing;
>> (iii) the intent of the defendant in committing the wrong;
>> (iv) the profitability of the defendant's wrongdoing, if applicable;
>> (v) the amount of actual damages awarded by the jury;
>> (vi) the defendant's net worth;
>> (vii) previous awards of punitive or exemplary damages against the defendant based upon the same wrongful act;
>> (viii) potential or prior criminal sanctions against the defendant based upon the same wrongful act; and
>> (ix) any other circumstances that may operate to increase or reduce, without wholly defeating, punitive damages.
>
> (c) The judge shall review a jury award of punitive damages, giving consideration to each of the matters listed in subsection (7)(b). If after review the judge determines that the jury award of punitive damages should be increased or decreased, the judge may do so. The judge shall clearly state the reasons for increasing,

decreasing, or not increasing or decreasing
the punitive damages award of the jury in findings of fact and conclusions of law, demonstrating consideration of each of the factors listed in subsection (7)(b).

Defendants should be ordered to allow Plaintiffs to conduct an oral 30(b)(6) deposition on the topics of alter ego and punitive damages.

## IV.  CONCLUSION

Plaintiffs therefore urge the Court to compel Defendants SGPI and DuPont to produce a 30(b)(6) corporate representative to testify on the topics of alter ego and punitive damages.

Dated this 14th day of July, 2020.

RAMLER LAW OFFICE, P.C.

By:   /s/ Richard A. Ramler
     Richard A. Ramler

MCKENNA & STARIN, PLLC

ROSSBACH LAW, PC

*Attorneys for Plaintiff*

## CERTIFICATION OF COMPLIANCE WITH L.R. 26.3(c)(1)

As required by L.R. 26.3(c)(1), the parties have communicated multiple times via phone conversations, letters and emails to meet and confer in an effort to resolve this matter.

## CERTIFICATION OF COMPLIANCE WITH SCHEDULING ORDER

As required under the Scheduling Order, Counsel certifies it advised Plaintiffs that the loser will pay the opposing party's associated fees and costs.

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with L.R. 7.1(d)(2), and that the number of words in this brief, excluding caption, certificates of service and compliance, table of contents and authorities, and exhibit index, is 2,630 words.  This is based on a word-processing system.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the following individuals by the means designated below this 14th day of July, 2020:

[X] CM/ECF             Clerk, U.S. District Court

[X] CM/ECF             Robert M. Carlson
                       Corette Black Carlson & Mickelson
                       129 West Park Street
                       P.O. Box 509
                       Butte, MT 59703

[X] CM/ECF             Dale G. Wills
                       Andrew A. Lothson
                       Swanson, Martin & Bell, LLP
                       330 North Wabash, Suite 3300

Chicago, IL 60611

   /s/ Richard A. Ramler
  Richard A. Ramler