Robert M. Carlson
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
Butte, MT  59703
bcarlson@cpklawmt.com
Telephone: (406) 782-5800

Dale G. Wills
Andrew A. Lothson
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Ste. 3300
Chicago, IL  60611
Telephone: (312) 321-9100
dwills@smbtrials.com
alothson@smbtrials.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| SHARON TEAGUE and RANDALL TEAGUE, Individually, and in their official capacity as Co-Personal Representatives of the ESTATE OF MARK RANDALL TEAGUE,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>REMINGTON ARMS COMPANY, LLC; REMINGTON OUTDOOR COMPANY, INC.; SPORTING GOODS PROPERTIES, INC.; E.I. DU PONT DE NEMOURS & COMPANY; DOES A to K,<br><br>　　　　　　　　Defendants. | Case No:  9:18-cv-00184<br><br>**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

Defendants, Remington Arms Company, LLC, Remington Outdoor Company, Inc., Sporting Goods Properties, Inc. ("SGPI") and E.I. DuPont De Nemours & Company ("DuPont"), by their undersigned attorneys, submit this brief in opposition to Plaintiffs' Motion to Compel (Doc. 62).

## I.  BACKGROUND

At issue in Plaintiffs' motion to compel is whether they should be permitted to take another oral 30(b)(6) deposition of Defendants without having first sought leave of court to do so and after the expiration of the discovery deadline. The facts and authority set forth below make it clear they should not.

In the Joint Discovery Plan filed on May 29, 2019, the parties agreed that "[t]his is a product liability case. The parties anticipate fact and expert discovery on *the product at issue, the circumstances of the shooting incident that forms the basis of the lawsuit, liability and damages.*" (Doc 30 at ¶ B, *emphasis added*). There was no mention in the Joint Discovery Plan about the need for or desire by Plaintiffs to conduct any discovery on issues related to alter ego, piercing the corporate veil, or the nature of SGPI's corporate relationship to DuPont.  There was also no discussion of any such discovery being contemplated or necessary during the June 5, 2019, Preliminary Pretrial Conference with the Court attended

by Mr. Rossbach and Mr. Hightower for Plaintiffs and Mr. Carlson and Mr. Lothson for Defendants.

Mr. Ramler filed his appearance as co-counsel for Plaintiffs on February 6, 2020. (Doc. 35). Mr. Hightower withdrew as counsel for Plaintiffs on February 14, 2020. (Doc. 37). Mr. Ramler served Plaintiffs' Third Discovery Requests to Defendants on March 13, 2020. (Doc. 59-8). Ignoring the scope of discovery defined by the parties in their Joint Discovery Plan and addressed at the Preliminary Pretrial Conference, the third discovery requests included nos. 9 -13 (and the 24 subparts of nos. 9 and 10), relating to the DuPont/SGPI corporate relationship. Following a meet and confer addressing the scope of those requests, Defendants served their supplemental responses to the requests for admission on May 8, 2020. (Doc. 59-16).

On April 24, 2020, less than six weeks before the June 1, 2020 discovery deadline, Plaintiffs served their First and Second Rule 30(b)(6) deposition notices on Defendants. (A copy of the First notice is attached as Exhibit A; the Second Notice is Doc. 59-14.)[1] The First 30(b)(6) deposition notice was directed to all four Defendants and identified 121 subjects of requested testimony, 119 relating to

---

[1] During the period from February 26, 2020 through June 1, 2020, the parties took twelve depositions, six of which were expert witness depositions. Defendants had previously taken depositions of Randall Teague, Sharon Teague and Matthew Teague in October 2019. Prior to February 26, 2020, Plaintiffs did not take any depositions in this case.

specific documents previously produced by Defendants and two relating to general topics. The Second 30(b)(6) deposition notice was also directed to all four Defendants and identified 227 subjects of requested testimony, 221 relating to specific documents previously produced by Defendants and six relating to topics spanning decades concerning DuPont and/or SGPI.

On May 13, 2020, Defendants requested a meet and confer to address Plaintiffs' two 30(b)(6) deposition notices. (Doc. 59-17). Among other things, Defendants pointed out that the portions of the Second 30(b)(6) deposition notice seeking testimony regarding the DuPont/SGPI relationship and any alter ego or veil-piercing allegations were irrelevant and not proportional to the claims in this case because Remington is insured and is indemnifying and defending DuPont and SGPI for Plaintiffs' claims. Moreover, during the meet and confer that followed Mr. Carlson's letter, Defendants specifically advised Plaintiffs that without first obtaining leave of court to do so, Plaintiffs were not entitled to notice a second 30(b)(6) deposition of Defendants.

Following the meet and confer, Plaintiffs' withdrew from the scope of both 30(b)(6) notices several documents identified in the notices, including documents 3000-3010 and 3014 from the Second Notice as well as the "Additional topics" listed in the Notices which included requested inquiry into the corporate and business relationship between and among the Defendants. (*See* Bill Rossbach email

4

dated 5-20-20 attached as Exhibit B and Doc. 59-14 at pp.13-15, 22). These withdrawals only left a handful of documents on issues related to financial and organizational relationship among the Defendants. (Doc. 59-14 at p. 15 documents 3011, 3012, 3013 3015 and p. 22 TEA 1078).

As an accommodation to Plaintiffs and despite the June 1, 2020 discovery deadline, Defendants agreed to and produced a 30(b)(6) deponent on June 1 and 3, 2020, to address the topics and referenced documents of the First and Second 30(b)(6) deposition notices which concerned the product at issue, a Remington Model 700 rifle.[2]  Contrary to Plaintiffs' assertion in their motion, Defendants did not simply refuse to produce a witness to the Second 30(b)(6) notice.  Rather, Defendants suggested as a compromise during the meet and confer that, with respect to the DuPont/SGPI relationship topics identified in Plaintiffs' Second Notice of 30(b)(6) deposition, Plaintiffs submit to DuPont and SGPI a 30(b)(6) deposition notice on written questions.  Plaintiffs took Defendants up on the suggestion and propounded such written questions on June 1, 2020.  DuPont and SGPI served their responses to those questions on June 10, 2020.  (Doc. 59-22).  To be clear, however, and contrary to Plaintiffs' representations in their motion,

---

[2] Pursuant to Fed. R. Civ. P. 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours."  Despite this limitation, Defendants permitted Plaintiffs to depose their 30(b)(6) witness on June 1 and 3 for a total of 10 hours.

5

Defendants *never* agreed to produce a witness in response to the Second Notice of 30(b)(6) deposition on the topics relating to the DuPont/SGPI relationship.

## II. Argument

The taking of a second 30(b)(6) deposition would impose unnecessary annoyance and undue burden on Defendants. Even ignoring the fact that issues relating to the DuPont/SGPI corporate relationship were never addressed in the parties' stipulated Joint Discovery Plan and that Plaintiffs waited until the very end of the discovery period to pursue these issues in pretrial discovery, Plaintiffs never sought leave of court to take a second 30(b)(6) deposition of Defendants. Defendants never agreed to a second 30(b)(6) deposition on these issues. Therefore, Plaintiffs' motion to compel should be denied.

**A. The requested Second 30(b)(6) deposition seeks information that is neither relevant to the stipulated issues in the Joint Discovery Plan nor proportional to the needs of this case.**

In the Joint Discovery Plan, the parties agreed that "[t]his is a product liability case. The parties anticipate fact and expert discovery on the product at issue, the circumstances of the shooting incident that forms the basis of the lawsuit, liability, and damages." (Doc 30 at ¶ B). There was no mention in the Joint Discovery Plan about the need for or desire by Plaintiffs to conduct any discovery about issues related to alter ego, piercing the corporate veil, or the nature of SGPI's relationship

to DuPont. Nor was there any discussion of such issues at the June 5, 2019, Preliminary Pretrial Conference when the parties and the Court specifically addressed the discovery needed to prepare this case for trial.[3]

It is clear that the information sought is not relevant to any issue in this case. Remington is indemnifying DuPont and SGPI in this lawsuit and has substantial insurance relating to Plaintiffs' claim.[4] Under these circumstances, the information sought is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Nevertheless, in an effort to reach a good faith accommodation with Plaintiffs, DuPont and SGPI agreed to and have responded to Plaintiffs' Deposition on Written Questions concerning the DuPont/SGPI relationship.[5]

---

[3] Indeed, at the very outset of this action, the parties stipulated that the subject rifle was designed, manufactured and sold *by SGPI* in 1970. (*See* this Court's June 5, 2019 Order, Doc. 34, page 4). Plaintiffs' Complaint asserts a Montana strict product liability theory of recovery, and it does not assert any claims for negligence or breach of warranty. (Doc. 1). To be liable under Montana strict product liability law, a defendant must be a **seller** of the product. (*See* Mont. Code Ann. Sec. 27-1-19). Thus, because neither the two Remington entities nor DuPont sold the subject rifle, they cannot be liable under Plaintiffs' predicate strict product liability claim. This legal issue is addressed in Defendants' motion *in limine* filed on July 20, 2020. (*See* Doc.76).

[4] In August 2019, Defendants produced to Plaintiffs Remington's applicable insurance policies for the policy year for Plaintiffs' occurrence. Plaintiffs have known since the commencement of this action that Remington is contractually obligated to defend and indemnify SGPI and DuPont for Plaintiffs' claims in this case.

[5] The information sought would also be premature in that there has been no award in favor of Plaintiffs on their predicate strict product liability claim (Count I of Plaintiffs' Complaint) and no showing of any kind by Plaintiffs that Remington and its insurance will not be able to indemnify SGPI or DuPont should there be a jury verdict against either one of them.

**B. Plaintiffs did not obtain leave of court to take a second 30(b)(6) deposition of Defendants.**

Pursuant to Rule 30(a)(2)(A)(ii), "[a] party must obtain leave of court…if the parties have not stipulated to the deposition and…the deponent has already been deposed in the case." Here, Plaintiffs sought and have already taken a 30(b)(6) deposition of Defendants. As explained to Plaintiffs in the meet and confer concerning the two 30(b)(6) deposition notices issued by Plaintiffs on April 24, 2020, Plaintiffs were required to first obtain Defendants' agreement for the taking of the requested second 30(b)(6) deposition or, failing that, to obtain leave of court to take such a second 30(b)(6) deposition. *Carrera v. First American Home Buyers Protection Co.,* 2014 WL 3695403, at *3 (S.D. Cal., July 23, 2014)(agreeing that "a second Rule 30(b)(6) deposition is not allowed without both prior leave of court and a determination that the deposition complies with Rule 26(b)(2)"); *Burdick v. Union Security Insurance Co.,* 2008 WL 5102851, at *2 (C.D. Cal., Dec. 3, 2008)("Plaintiff issued a second Rule 30(b)(6) without leave of the court, despite the requirement of Rule 30(b)(2)(B). The notice is thus invalid."); *see also* Fed. R. Civ. P. 30(a)(2)(A)(ii). Thus, contrary to Plaintiffs' argument that Defendants were required to file a motion for protective order to prevent the taking of the noticed second 30(b)(6) deposition of Defendants, the second notice was invalid and *void ab initio*.

8

Immediately prior to the issuance of their First and Second Rule 30(b)(6) deposition notices to Defendants on April 24, 2020, Plaintiffs had two options under Rule 30(b)(2)(A): (1) seek a stipulation from Defendants for such a second 30(b)(6) deposition; or (2) absent stipulation from Defendants, file a motion seeking leave of court for the second 30(b)(6) deposition. Plaintiffs did not pursue either option. Instead, Plaintiffs simply issued their Second 30(b)(6) deposition notice at a time when there was less than six weeks remaining before the close of discovery.

### III. CONCLUSION

Plain and simple, while Defendants permitted Plaintiffs to depose Defendants' initial 30(b)(6) witness for over ten hours, they never agreed to the Plaintiffs taking a second 30(b)(6) deposition of Defendants, and Plaintiffs never sought leave of court to do so. Based on these facts and the history of discovery in this case, Plaintiffs should not now be permitted to take a second 30(b)(6) deposition of Defendants. Moreover, the requested subject of the second 30(b)(6) deposition of Defendants, i.e., the corporate relationship of DuPont and SGPI, goes well beyond the scope of discovery stipulated to by the parties in their Joint Discovery Plan and addressed with the Court at the Preliminary Pretrial Conference. Regardless, as agreed to in the meet and confer process, Defendants have provided more than sufficient information to Plaintiffs regarding the DuPont/SGPI relationship in their

responses to Plaintiffs' written discovery requests and their answers to the deposition on written questions.

Plaintiffs' untimely motion for leave to take a second 30(b)(6) deposition of Defendants is without good cause and has been initiated for the purpose of annoying, harassing, and placing undue burden and expense on Defendants. Furthermore, it is neither reasonable nor proportional to any need in the case and is not supported by the rules or case law.

For the forgoing reasons, Plaintiffs' motion to compel a second Rule 30(b)(6) deposition of Defendants should be denied, with Defendants' associated fees and costs assessed against Plaintiffs.

DATED:  July 21, 2020.

Respectively submitted,

s/ Robert M. Carlson
Corette Black Carlson & Mickelson
Attorneys for Defendants

Dale G. Wills (admitted pro hac vice)
Andrew A. Lothson (admitted pro hac vice)
SWANSON, MARTIN & BELL, LLP

Attorneys for Defendants

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 7.2(d)(2)(E) of the Montana Federal Local Rules of Procedure, I certify that this brief is printed with proportionately spaced Times New Roman font, double spaced, 14-point font, and the word count as calculated by the word processing system is 2160, excluding caption and certificate of compliance.

                                          /s/ Robert M. Carlson
                                             Attorneys for Defendants